the Court of Appeals for Muskingum County. Upon consideration of appellant's motion for continuance of oral argument scheduled for February 26, 2002,

IT IS ORDERED by the court that the motion for continuance of oral argument be, and hereby is, denied.

*Tuesday, January 15, 2002*

## MEDIATION DOCKET

The following cases have been returned to the regular docket pursuant to S.Ct.Prac.R. XIV(6)(E):

01–1886. **State ex rel. St. Clement of Ohrid Macedonian Orthodox Church v. McGough.** Lorain App. No. 01CA007787.

## DISCIPLINARY DOCKET

99–2308. **Cincinnati Bar Assn. v. Young.**
This cause came on for further consideration upon the filing of an application for reinstatement by respondent, David J. Young, a.k.a. David Jerome Young.

The court coming now to consider its order of July 12, 2000, wherein the court, pursuant to Gov.Bar R. V(6)(B)(3), suspended respondent for a period of two years, with the second year to be stayed in favor of a one-year probation, during which time respondent is required to take at least six hours of instruction related to professionalism, finds that respondent has substantially complied with that order and with the provisions of Gov.Bar R. V(10)(A). Therefore,

IT IS ORDERED by the court that the remainder of respondent's two-year suspension be, and is hereby, stayed and that respondent, David J. Young, a.k.a. David Jerome Young, Attorney Registration No. 0009850, last known business address in Cincinnati, Ohio, be placed on monitored probation and that the probation period shall end July 12, 2002.

IT IS FURTHER ORDERED that on or before thirty days from the date of this order relator, Cincinnati Bar Association, shall appoint a monitor for the period of probation ending July 12, 2002.

IT IS FURTHER ORDERED that at the end of the respondent's probationary period, relator, Cincinnati Bar Association, shall file a report with the Clerk of this court indicating whether respondent has complied with the terms and conditions of the monitored probation.

IT IS FURTHER ORDERED that respondent shall keep the Clerk, Disciplinary Counsel, Cincinnati Bar Association, and the monitoring attorney advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED that upon successful completion of the probationary period, respondent may apply for termination of probation pursuant to Gov.Bar R. V(9), and that the probation shall not be terminated until (1) respondent files an application to terminate probation in accordance with Gov.Bar R. V(9)(D) and complies with the requirements for termination of probation; (2) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio; (3) respondent complies with this and all other orders of the court; (4) relator, Cincinnati Bar Association, files a report with the Clerk's Office indicating that respondent has complied with the terms and conditions of his probation; and (5) this court enters an order terminating respondent's probation and reinstating him to the practice of law.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

For earlier case, see *Cincinnati Bar Assn. v. Young* (2000), 89 Ohio St.3d 306, 731 N.E.2d 631.

## MISCELLANEOUS DISMISSALS

01–1915. **Cleveland Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision.**
Board of Tax Appeals, No. 99–E–383. This cause is pending before the court as an appeal from the